JAMES McKINNEY, appellant *v.* ISAAC FINCH, appellee.

*Appeal from Morgan.*

Where a suit is brought before a justice of the peace, which terminates in a final judgment on the merits, there both parties shall be precluded from further litigation in relation to all matters that might have been decided in that case.

Where two distinct suits are brought before the same justice, on the same day, upon two demands which might be consolidated into one suit, and which when thus consolidated, would not exceed $100, and one suit is dismissed, and judgment is rendered in the other, the proceedings are regular.

The dismissal of a suit by a justice of the peace, is in effect a non-suit, and does not bar a subsequent suit for the same demand, or for a different cause of action.

THIS cause was tried at the May term, 1834, of the Morgan Circuit Court, before the Hon. Samuel D. Lockwood, and a judgment rendered for the appellee for $34,17, and costs. From this judgment the defendant below appealed to this Court.

J. LAMBORN, for the appellant.

WM. THOMAS, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

Finch sued McKinney before a justice of the peace, on a sealed note, and recovered judgment. The suit was taken into the Circuit Court of Morgan county by appeal. On the trial in the Circuit Court, Finch gave the note in evidence. McKinney then proved that on the same day of the trial of the cause before the justice, there was a previous suit in favor of Finch against McKinney, which was founded also on a promissory note, not under seal, made payable to the plaintiff, and signed James McKinney, by his agent John A. McKinney. This suit the justice dismissed, because the agency of John A. McKinney was not sufficiently established. Both suits were tried before the same justice, and both notes did not amount to the sum of $100. The defendant then pleaded and relied upon the 16th section(2) of the " *Act concerning Justices of the Peace and Constables,*" as a bar to the action; but the Circuit Court overruled the defence, and gave judgment for the sealed note above mentioned. The Court also decided that the plaintiff had a right to recover on one note, and

(1) Kip *v.* Brigham *et al.* 6 Johns. 158.     (2) R. L. 391; Gale's Stat. 406.

no right to recover on the other note. The 16th section above referred to provides that " In all suits which shall be commenced before a justice of the peace, each party shall bring forward all his or her demands against the other, which are of such a nature as to be consolidated, and which do not exceed $100 when consolidated into one action or defence; and on refusing or neglecting to do the same, shall be for ever debarred from the privilege of suing for any such debt or demand." Did the Circuit Court err in overruling the defence set up under this section of the act regulating trials before justices of the peace? Did the legislature mean that the bare commencement of a suit, in which the plaintiff and defendant did not consolidate all their demands, should, whether the cause was tried or not, bar all debts or demands not consolidated? The objects the legislature doubtless had in view, were to prevent the multiplicity of suits, where the matters in dispute were small, and to avoid the unnecessary accumulation of costs. These objects are effected, by deciding that where a suit is commenced before a justice, in which all the demands of the parties may be investigated consistently with the rules of law, and such suit terminates in a judgment binding upon the parties, if the parties do not bring forward all their demands which might have been consolidated into one action or defence, then such demands, thus neglected to be exhibited, shall not be the foundation of a future action. To give a construction to this section, that the commencement of a suit without a trial and judgment, should bar the claims of both parties, would be productive of the greatest injustice. To illustrate this position, we will suppose the following case: A plaintiff commences an action before a justice, and on the trial discovers that his testimony is insufficient to support his action, and he submits to a non-suit. This he clearly may do, and then bring a new suit for the same cause of action, and upon sufficient proof recover his demand. Can it with propriety be insisted if the judgment of non-suit in the supposed case does not bar the demand sued on, that it can have the effect to sue a demand not exhibited before the magistrate,—and even bar a demand of the defendant, that he has had no opportunity to litigate? These would be the absurd consequences of deciding that the parties must bring forward all their demands upon pain of forfeiting them if a suit be commenced, whether that suit result in a final judgment or not. Such consequences were never intended, and consequently we are bound to give this statute such a construction as will effect the objects contemplated by the legislature. These objects are accomplished by construing the statute to mean, that where a suit is brought before a justice, which terminates in a final judgment on the merits, there both parties shall be precluded from further litigation in relation to all matters that might have been decided in that case. The

dismissal of the case first tried by the justice, was in effect a non-suit, and did not bar the bringing of a new suit for the same cause of action, and consequently could be no bar to bringing another suit for a different cause of action.(1)

The judgment is therefore affirmed with costs.

*Judgment affirmed.*